IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| STATE OF ARKANSAS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:05CV00410 SWW |
| LOREN TROESCHER | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

## ORDER

Before the Court is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(a) (docket entry #5). After careful consideration, and for the reasons stated below, the motion will be denied.

On March 4, 2005, the State of Arkansas commenced this action, alleging that Defendant Loren Troescher, who resides in California, caused unauthorized advertisements to be transmitted to facsimile machines located in Arkansas, in violation of the federal Telephone Consumer Protection Act and the Arkansas Deceptive Trade Practices Act. In support of its motion for default judgment, the State asserts that Troescher has failed to answer or otherwise respond the complaint within twenty days of service as required under Fed. R. Civ. P. 12(a)(1)(A).

"Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served

1

with process." 10A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2682 (3d. ed. 1998). On April 28, 2005, the State, through a California process server, attempted to serve Troescher, in person. The State reports that service was refused, but it provides no other details regarding its initial attempt at personal service.

The State contends that "after reasonable diligence at personal service failed" it effected service upon Troescher pursuant to California Code of Civil procedure § 415.20(b),[1] which provides:

> If a copy of the summons and complaint cannot with *reasonable diligence be personally delivered to the person to be served*, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. P. § 415.20(b)(emphasis added).

In an effort to show compliance with § 415.20(b), the State presents a return of service stating that a process server delivered a summons, complaint, and exhibits to Troescher's place of business on May 26, 2005, and "service was effected upon Sean Roberts, person in charge." Docket entry #9, Ex. 2. A second proof of service states that a summons, complaint, and exhibits were mailed to Troescher's place of business on May 26, 2005, by first-class mail,

---

[1] Federal Rule of Civil Procedure 4(e)(1) provides that a party may effect service of a summons and complaint pursuant to the law of the state in which the district court is located or the state in which service is effected.

postage prepaid. *Id*.

The state provides no documentation regarding its efforts to serve Troescher in person–only a brief statement regarding one failed attempt on April 28, 2005.  Accordingly, the Court cannot conclude, based on the current record, that the State exercised reasonable diligence to effectuate personal service before resorting to substitute service under § 415.20.  Furthermore, although the proof of service states that a server left the summons and complaint with "Sean Roberts, person in charge", the State provides no evidence that Sean Roberts is a person at least 18 years of age, or that the server informed him as to the contents of the delivery.  *See* Cal. Code Civ. P. § 417.10(requiring proof of service by affidavit of person making service that includes facts showing that service was made in accordance with § 415.20).

IT IS THEREFORE ORDERED that Plaintiff's motion for default judgment (docket entry #5) is DENIED.

IT IS SO ORDERED THIS 16th DAY OF SEPTEMBER, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE